United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER N. WASHINGTON,

Plaintiff,

v.

NURSE MAGADO, et al.,

Defendants.

Case No. 21-08126 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner currently confined at Mule Creek State Prison, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against various Defendants at Salinas Valley State Prison ("SVSP"), an individual at the Health Care Appeals Headquarters in Sacramento, Secretary Ralph Diaz of the CDCR, and Governor Gavin Newsom. Dkt. No. 1 at 2. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

Plaintiff names the following as Defendants in this action: SVSP Nurse Magado, SVSP Warden, C. R. Padilla (Health Care Appeal, Institution Level), S. Gates (Health Care Appeal Headquarters), Secretary Ralph Diaz, and Governor Gavin Newsom.  Dkt. No. 1 at 2.  Plaintiff's claim is handwritten on a single page of the complaint and is difficult to read.  *Id.* at 3.  From what can be deciphered, Plaintiff is unsatisfied with how one of his inmate grievances (602) was handled.  *Id.*  He claims that the "Appeal Branch refused to address the real issues," and mentions the vaccine and Covid-19.  *Id.*  Other than one reference to Defendant Padilla, Plaintiff does not mention any other named Defendant in his statement of claim.  *Id.*  The form of relief sought is also difficult to read.  *Id.*  Based on the foregoing, the Court cannot determine whether the complaint states a cognizable claim under § 1983.  Plaintiff shall be granted leave to amend to file an amended complaint that is legibly written and clearly sets forth sufficient facts to state a § 1983 claim against each named Defendant.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.        The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. 21-08126 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.        **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim,**

**without further notice to Plaintiff.**

3.      The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:  _February 22, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.21\08126Washington_dwlta

United States District Court
Northern District of California