United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER N. WASHINGTON,<br>Plaintiff,<br><br>v.<br><br>NURSE MAGADO, et al.,<br>Defendants. | Case No. 21-cv-08126 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner currently confined at Mule Creek State Prison, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 based on events that occurred at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The Court dismissed the complaint with leave to amend as it was mostly illegible and difficult to understand. Dkt. No. 7. Plaintiff filed an amended complaint. Dkt. No. 8.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.   **Plaintiff's Claims**

Plaintiff names the following as Defendants in the amended complaint: SVSP Warden, SVSP Nurse Magado, C. R. Padilla (Chief Appeals Coordinator at SVSP), and S. Gates (Health Care Chief Executive Officer at Headquarters). Dkt. No. 8 at 5. Plaintiff claims Nurse Magado was deliberately indifferent to his serious medical needs and denied him adequate medical care sometime in February and March 2020, in response to his Covid-19 related symptoms. *Id.* at 6-7, 10-11. Plaintiff also claims his right to due process was violated by Defendants Padilla and Gates when they denied his grievance appeals on the matter. *Id.* at 11. Plaintiff claims the SVSP Warden is aware of the problem, citing to a newspaper article regarding a Covid-19 outbreak at SVSP and a letter regarding an appeal matter in state court. *Id.*; Exs. E, F, Dkt. No. 8 at 25, 27. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. *Id.* at 12.

Liberally construed, Plaintiff states a cognizable claim for deliberate indifference to serious medical needs against Nurse Magado. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). However, the amended complaint is deficient with respect to the other claims against remaining Defendants.

2

California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.  The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).  Accordingly, Plaintiff's dissatisfaction with Defendants Padilla and Gates's responses to his health care grievance does not state a cognizable due process claim.  The fact that they responded at all means Plaintiff was afforded all the procedural rights afforded him under California law.  Furthermore, although there certainly is a right to petition the government for redress of grievances (a First Amendment right), there is no right to a response or any particular action.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance").  Accordingly, Plaintiff fails to state a due process claim against Defendants Padilla and Gates.

Nor does Plaintiff state a cognizable claim against the Warden of SVSP because there is no allegation that the Warden was personally aware of Plaintiff's particular circumstances or that he was directly involved in his medical care.  In the Order of Dismissal with Leave to Amend, the Court advised Plaintiff that liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  Dkt. No. 7 at 3, citing *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  He has failed to do so with respect to

the Warden.  Accordingly, this Defendant must be dismissed as there is no cognizable

claims against him.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The following defendants shall be terminated from this action: SVSP

Warden, G. R. Padilla, and S. Gates.

2.      The following defendant shall be served at SVSP:

a.      **Nurse Magado**

Service on the listed defendant(s) shall proceed under the California Department of

Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from

prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve

on CDCR via email the following documents: the operative complaint and any attachments

thereto, Dkt. No. 8, this order of service, and a CDCR Report of E-Service Waiver form.

The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall

provide the court a completed CDCR Report of E-Service Waiver advising the court which

defendant(s) listed in this order will be waiving service of process without the need for

service by the United States Marshal Service (USMS) and which defendant(s) decline to

waive service or could not be reached.  CDCR also shall provide a copy of the CDCR

Report of E-Service Waiver to the California Attorney General's Office which, within 21

days, shall file with the court a waiver of service of process for the defendant(s) who are

waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for

each defendant who has not waived service according to the CDCR Report of E-Service

Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205

forms and copies of this order, the summons and the operative complaint for service upon

4

each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.     **No later than thirty-five (35) days** from the date the CDCR Report of E-Service Waiver is filed, **Defendant shall file an opposition to Plaintiff's motion for preliminary injunction and supplemental thereto**.  Dkt. Nos. 6, 9.  Plaintiff's reply shall be filed no later than **fourteen (14) days** after Defendant's opposition is filed.

4.     In the same time in which to file an opposition to Plaintiff's preliminary injunction motion, Defendant may file a motion to dismiss under the Federal Rules of Civil Procedure.

a.     Plaintiff's opposition to Defendant's motion to dismiss shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

b.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.     If no motion to dismiss is filed, no later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment with respect to the claims in the complaint found to be cognizable above.

a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

6. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

7. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:   ___August 22, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\BLF\CR.21\08126Washington_svc

7