1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER N. WASHINGTON,

Plaintiff,

v.

NURSE MAGADO,

Defendant.

Case No. 21-cv-08126 BLF (PR)

**ORDER DIRECTING PLAINTIFF TO PROVIDE MORE INFORMATION FOR DEFENDANT MAGADO; DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

(Docket No. 12)

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical staff at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. On August 22, 2022, the Court found the amended complaint, Dkt. No. 8, states a cognizable claim against Nurse Magado for deliberate indifference to serious medical needs and ordered the matter served. Dkt. No. 9. All other named Defendants were dismissed from the action as there were no cognizable claims against them. *Id.* The CDCR has filed a response, stating that they are unable to identify "Nurse Magado." Dkt. Nos. 10, 14. Accordingly, this sole Defendant has not yet been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to

effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendant Magado are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). The Court notes that Plaintiff filed a letter indicating that Nurse Magado could be served at SVSP. Dkt. No. 13. However, per the CDCR notice, more information regarding this Defendant's identify is needed to serve this matter. Plaintiff must remedy the situation by providing more information to properly identify Defendant Magado as a current employee at SVSP or face dismissal of his claims against this Defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Plaintiff has filed a motion for an "injunction and T.R.O.," against CMF Vacaville's mail room for opening his legal mail. Dkt. No. 12. There are several problems with this motion. First of all, an injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* Here, the CMF Vacaville's mail room is not a party to this action. Therefore, the Court cannot issue an injunction against a non-party. Furthermore, a plaintiff is not entitled to an injunction based on claims not pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). The amended complaint involves only medical claims against an SVSP employee and has no nexus to the claim in the instant motion that Plaintiff's legal mail was unlawfully opened at

CMF Vacaville.  Accordingly, Plaintiff's motion for an injunction and TRO is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff must file notice providing the Court with more information to properly identify **Defendant Nurse Magado**, e.g., a first initial, such that the Marshal is able to effect service.  If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claims against Defendant Magado shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

2.      Plaintiff's motion for an injunction and TRO is DENIED.  Dkt. No. 12. This order terminates Docket No. 12.

**IT IS SO ORDERED.**

**Dated:  ____October 31, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order Directing Pl to Provide for More Info; Denying TRO
PRO-SE\BLF\CR.21\08126Washington_deny.tro&more-info